**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

South Carolina Department of Social Services,
Respondent,

v.

Angie May and John Doe, Defendants,

Of whom Angie May is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2017-000206

———————————

Appeal From Aiken County
Vicki J. Snelgrove, Family Court Judge

———————————

Unpublished Opinion No. 2017-UP-447
Submitted November 8, 2017 – Filed November 28, 2017

———————————

**AFFIRMED**

———————————

Melinda Inman Butler, of The Butler Law Firm, of
Union, for Appellant.

Benjamin Reynolds Elliott, of Stevens B. Elliott,
Attorney at Law, of Columbia, as Guardian ad Litem for
Appellant.

Robert Wallis Cone, of South Carolina Department of Social Services, of Newberry; and Susanna M. Ringler, of South Carolina Department of Social Services, of Aiken, for Respondent.

Amy Patterson Shumpert, of Nance, McCants & Massey, of Aiken, for the Guardian ad Litem.

---

**PER CURIAM:** Angie May appeals the family court's order terminating her parental rights to her minor daughter (Child). On appeal, May argues the testimony of the Department of Social Services (DSS) caseworker and psychologist who evaluated May more than nineteen months prior to the termination of parental rights (TPR) hearing was insufficient to prove May failed to remedy a mental health condition and show by clear and convincing evidence she had a diagnosable condition that was unlikely to change. We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.

The family court may order TPR upon finding a statutory ground for TPR is satisfied and TPR is in the child's best interest. S.C. Code Ann. § 63-7-2570 (Supp. 2016). The grounds for TPR must be proved by clear and convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

Initially, May did not appeal the family court's finding that her parental rights should be terminated based on the fact Child was in foster care for more than fifteen of the most recent twenty-two months. *See* § 63-7-2570(8) (providing a statutory ground for TPR is met when a child has been in foster care for fifteen of the most recent twenty-two months and TPR is in the child's best interest). This unappealed ruling is the law of the case. *See Ex parte Morris*, 367 S.C. 56, 65, 624 S.E.2d 649, 653-54 (2006) (providing an "unappealed ruling is the law of the case and requires affirmance"); *id*. at 65, 624 S.E.2d at 654 (acknowledging an appellate

court can overlook procedural rules when deciding issues that affect minors but declining to "exercise [its] discretion to avoid application of the procedural bar").

Additionally, we find clear and convincing evidence showed May had a diagnosable condition that was unlikely to change within a reasonable time and that made her unlikely to provide minimally acceptable care of Child. *See* § 63-7-2570(6) (providing a statutory ground for TPR exists when "[t]he parent has a diagnosable condition unlikely to change within a reasonable time including . . . mental illness . . . , and the condition makes the parent unlikely to provide minimally acceptable care of the child").[1]  Dr. William Haxton, a psychologist, evaluated May in March 2015 and diagnosed her with schizophrenia.  He explained individuals with similar symptoms that are not treated "can be quite paranoid as far as being able to trust other people," and without treatment, May "may have difficulty developing [an] emotional attachment to [C]hild and giving emotional stability."  Dr. Haxton testified he often observed children of parents with untreated psychotic conditions "in the parental role themselves helping take care of the parents," and he opined stability in the parent was important for a child's welfare.  We find the foregoing testimony clearly and convincingly showed May had a diagnosable condition that made her unlikely to provide minimally acceptable care of Child.

We further find clear and convincing evidence showed May's condition was unlikely to change within a reasonable time.  Although Dr. Haxton's evaluation with May occurred more than a year before the TPR hearing, Dr. Haxton testified May would need psychiatric care and medication before she could stabilize, and treatment would be futile without medication.  He also testified delusions and hallucinations would recur without medication.  Although May was hospitalized for her mental condition in October 2014, by March 31, 2015, she was not taking medication.  No evidence showed May obtained psychiatric care after her psychological evaluation, and Barbara Brightharp-Miller, the DSS caseworker, stated May said "she did not need any further services," May was adamant that she was not going to cooperate with services, and "[i]t was her understanding [May] didn't want the services."  Based on Dr. Haxton's testimony about the importance of psychiatric treatment and medication and the evidence showing May did not obtain either, we find clear and convincing evidence showed her condition was unlikely to change within a reasonable time.

---

[1] We acknowledge this statute was amended on May 10, 2017; however, this is the version that was effective at the time of the TPR hearing.

We also find clear and convincing evidence showed May failed to remedy the conditions causing Child's removal. *See* § 63-7-2570(2) (providing a statutory ground for TPR exists when "[t]he child has been removed from the parent pursuant to . . . [s]ection 63-7-1660 [of the South Carolina Code (Supp. 2016)] and has been out of the home for a period of six months following the adoption of a placement plan by court order or by agreement between [DSS] and the parent[,] and the parent has not remedied the conditions which caused the removal."). May was ordered to complete a placement plan on December 4, 2015, that was directly related to the reasons Child was removed from her care. Brightharp-Miller stated DSS provided May's attorney with the names of people who could treat May. Brightharp-Miller also stated she reached out to Dr. Joe Holt for services, and May's attorney also reached out to Dr. Holt. It is unclear why the contact never resulted in a referral. However, Brightharp-Miller testified May said "she did not need any further services," May was adamant that she was not going to cooperate with services, and "[i]t was her understanding [May] didn't want the services." May never obtained treatment, and Dr. Haxton stated that without treatment, May "may have difficulty developing [an] emotional attachment to the child and giving emotional stability." He also stated individuals with similar untreated symptoms can be paranoid, and delusions are likely to recur without medication. We find the foregoing evidence is sufficient to prove this ground by clear and convincing evidence.

Finally, viewed from Child's perspective, we find TPR is in her best interest. *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) (providing the best interest of the child is the paramount consideration in a TPR case); S.C. Code Ann. § 63-7-2620 (2010) ("The interests of the child shall prevail if the child's interest and the parental rights conflict."); S.C. Code Ann.§ 63-7-2510 (2010) ("The purpose of [the TPR statute] is to establish procedures for the reasonable and compassionate [TPR] where children are abused, neglected, or abandoned in order to protect the health and welfare of these children and make them eligible for adoption . . . ."); *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate."). Based on Dr. Haxton's testimony, May suffers from delusions and schizophrenia, a condition that will hinder her ability to care for Child without treatment. Dr. Haxton testified about the importance of psychiatric care and medication; unfortunately, May did not receive psychiatric care or take medication during the two years Child was in foster care prior to this TPR hearing. Further, May told Brightharp-Miller "she did not need any further services," and she was adamant that she was not going to cooperate with services.

Based on the foregoing, it is unlikely May will provide a suitable home for Child in the foreseeable future.  Child is thriving in her current placement, and based on her young age and her foster parents' fondness for her, it appears she will achieve stability through adoption if TPR is affirmed.  Thus, we find TPR is in Child's best interest.

**AFFIRMED.**[2]

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.